135 N.J. Super. 303 (1975)
343 A.2d 152
STATE OF NEW JERSEY, PLAINTIFF,
v.
FERNANDO VASQUEZ, DEFENDANT.
Superior Court of New Jersey, Law Division.
June 27, 1975.
*304 Mr. Robert L. Cerefice, Esq., Assistant Prosecutor, for the State (Mr. Joseph P. Lordi, Prosecutor of Essex County, attorney).
Mr. Samuel Raffaelo for defendant.
HARTH, J.C.C., Temporarily Assigned.
Defendant brings a motion to dismiss Indictment No. 1065-74, which charges him and a codefendant with possession of a controlled dangerous substance, to wit, cocaine, on April 23, 1974.
On March 20 and again on March 21, 1974 defendant distributed cocaine to Lewis Gonzales from his apartment located in Newark, New Jersey. He was arrested for distribution on May 2 and a two-count indictment was returned on May 22, 1974. Found guilty by a jury on October 11, he received a custodial sentence on November 20, 1974.
On January 7, 1975 defendant was indicted for possessing cocaine in the same apartment on April 23, 1974. He seeks *305 to dismiss the indictment, contending that since the possession offense was fully known to the prosecutor prior to the return of the indictment and trial for distribution, he should have presented all the charges in one indictment. Citing the recent case of State v. Gregory, 66 N.J. 510 (1975), defendant claims that "such withholding and later prosecution smacks of harassment and oppression and should be barred."
Additionally, he claims that the indictment should be dismissed because the cocaine was seized during the execution of a search warrant, and the affidavit in support of the warrant sets forth the March sales which were the subject of his conviction. He alleges that this constitutes double jeopardy.
A review of the facts in State v. Gregory and the instant case reveal significant differences.
On December 27, 1971 Gregory sold heroin to an undercover officer who saw him go into a bathroom and remove a glassine envelope from a stack of similar envelopes in a medicine cabinet. Upon leaving the apartment the purchaser notified other Newark police officers who returned immediately and seized the remaining envelopes. On April 20, 1972 Gregory was indicted for the single sale to the officer. He was convicted on October 21, 1972 and sentenced on January 3, 1973. On December 6, 1972 the grand jury returned two indictments against Gregory, one for possession and the other for possession with intent to distribute.
In the present case the series of events leading up to the indictment now under review are as follows. A search warrant was executed on April 23, 1974 to search defendant's premises at 15 Chestnut Street, Newark, New Jersey. The affidavit in support of the warrant recounted the March sales that were the subject of the defendant's conviction and, in addition, alleged an April 9, 1974 sale of cocaine from the same premises. A search of the premises disclosed the presence of cocaine, and defendant was placed under arrest for possession.
Thus, unlike the Gregory case, this defendant was the subject of separate arrests and separate bail for offenses that *306 occurred on different days. The possession indictment charges a date over a month after the sales were made. Though the prosecutor is unable to offer an explanation as to the delay in obtaining the latter indictment, there is no evidence to indicate it was the result of unfair play.
Section 1.07(2) of the American Law Institute's Model Penal Code (proposed official draft 1962) has been incorporated into the body of New Jersey criminal law. State v. Gregory, supra. That section provides:
* * * a defendant shall not be subject to separate trials for multiple offenses based on the same conduct or arising from the same criminal episode, if such offenses are known to the appropriate prosecuting officer at the time of the commencement of the first trial and are within the jurisdiction of a single court.
In State v. Gregory this was applied to effectuate the prohibition against double jeopardy by placing the emphasis on the underlying policy of fairly protecting the State's vital interest in bringing the guilty to justice, while at the same time protecting the accused from multiple trials and punishment when in substance there had been but a single wrongdoing. The primary consideration is fairness and fulfillment of reasonable expectations in light of constitutional and common law goals.
In making the determination based on these principles the key question is whether the transactions or acts involved the same conduct or arose from the same criminal episode.
Does the indictment herein, alleging the possession of cocaine on April 23, 1975, charge an offense "based on the same conduct or arising from the same criminal episode" as the illegal sales of cocaine on March 20 and 21, 1975?
Gregory involved a conviction for the sale of heroin followed by a subsequent indictment and conviction for possession with intent to distribute. The purchase and subsequent seizure of the narcotics occurred on the same day, with the seizure closely following the purchase. The heroin purchased was a portion of that quantity which was subsequently *307 seized by the police officers, and the quantity of heroin seized was known to the police officers at the time of the purchase. The actual sale and the possession with intent to distribute both involved the same bulk of narcotics within a relatively short time span. When defendant was brought to trial for the sale, his reasonable expectations were that there would be no further prosecution on the basis of his possession and sale on that day. In this context it can be understood how these offenses arose from the same criminal episode.
In a situation where there is lacking a nexus between the sale and the possession, it cannot be said that the charge of possession, following a previous indictment for distribution of narcotics, involves the same conduct or the same criminal episode. Here, there was no evidence that defendant, at the time of the sales, had possession of any drugs other than that which he sold to the agent on March 20 and 21, 1974. Therefore, there was no overall offense, but rather two separate offenses, since the seizure of the contraband upon which the possession charge was based occurred approximately one month after the sales. Moreover, the recitation of the previous sales offenses in the search warrant affidavit does not provide the nexus that would bring the second offense within the same criminal episode as the first, since the affidavit merely stated previous separate acts as information within the officer's knowledge which created the basis for probable cause to issue the warrant. The warrant led to discovery of new evidence of crime. The fact that that evidence was the basis of the second indictment does not extend or continue the first offense to encompass the second within the same episode. There is no evidence that drugs possessed on April 23, 1975 were drugs from which the smaller quantity sold on March 20 and 21 was taken. Accordingly, the present case has neither the closeness in time nor the identity in the bulk of the contraband which existed in Gregory.
In addition, and perhaps more importantly, there could be no reasonable expectations by defendant that he would not be subjected to an independent later prosecution for the possession *308 charge, for there was a separate arrest on each charge. It was clear to him that he was being charged with two separate and distinct offenses, unrelated in time and in circumstance; indeed, the only similarity was that both involved the same narcotic substance, cocaine. See State v. Currie, 41 N.J. 531, 540 (1964); State v. Gregory, 66 N.J. at 517.
There being, then, no multiple offenses based on the same conduct or arising from the same criminal episode, there is no violation of the underlying policies of the prohibition against double jeopardy. Accordingly, defendant's motion to dismiss the indictment is denied.